## William C. Rich, Jr., et al., v. The People, etc., use of, etc.

1. PRESUMPTIONS—*Where a Cause is Tried by the Court Without a Jury.*—Where a cause is tried by a judge without a jury, the same presumptions obtain as to the facts found by the court as when the cause is tried by a jury.

2. APPELLATE COURT PRACTICE—*Where the Court Will Not Reverse —Irreconcilable Conflict of Testimony.*—Where there is an irreconcilable conflict in the testimony, the Appellate Court will not reverse a judgment of the trial. where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict.

Debt, on an official bond. Error to the Circuit Court of Union County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

W. A. SPANN and TAYLOR DODD, attorneys for plaintiffs in error.

JAMES LINGLE, State's Attorney, D. W. KARRAKER and P. E. HILEMAN, attorneys for defendant in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in debt on a county collector's bond, by defendant in error against plaintiffs in error, in the Circuit Court of Union County. A jury was waived, and the

case tried by the court without a jury.   Finding and judgment in favor of defendant in error for $100,000 debt, the penalty named in the bond, to be satisfied by the payment of $1,685.29, the amount of damages assessed.

. No propositions of law were submitted to the court, nor was any motion for new trial interposed by plaintiffs in error.

Plaintiff in error William C. Rich, Jr., was county collector for Union county, and duly executed his bond as such collector in the sum of $100,000, with his co-plaintiffs in error as sureties.   Prior to the commencement of this suit, defendant in error claimed that said Rich, as such treasurer, was in default, and in proper form instituted this suit to recover on the bond.   All of the facts required to be proven by defendant in error in this case to make a *prima facie* case are admitted in the stipulations; that is, that William C. Rich, Jr., was sheriff and collector of the county for the year 1894, and charged with the collection of taxes of 1893; and that he owes the county the sum of $2,175.49, unless he proves by the weight of the evidence that he has paid the same by five specific payments, to wit: $1,440.92, which he claims to have paid on April 12, 1894, in county orders; $343.45, which he claims to have paid on February 27, 1894, in county orders; $1,300, which he claims to have paid on March 3, 1894, by check on bank; $605, which he claims to have paid on March 9, 1894, by bank slips on Bank of Jonesboro; and the sum of $480, which he claims to have paid on July 8, 1894, to the treasurer of the county.

The only question involved in this case as it comes to us, is, as to the weight of the evidence.   There is evidence in the record *pro* and *con*, as to each item in dispute, and much of it directly contradictory.   Where a case is tried by a judge without a jury, the same presumptions obtain as to the facts found by the court, as when the facts are tried by a jury.   In Calvert v. Carpenter et al., 96 Ill. 63, our Supreme Court says:

" It can scarcely be repeated too often, that the judge and jury who try a case in the court below have vastly superior

advantages for the ascertainment of truth and the detection of falsehood over this court sitting as a court of review. All we can do is to follow with the eye the cold words of the witness as transcribed upon the record, knowing at the same time, from actual experience, that more or less of what the witness actually did say is always lost in the process of transcribing. But the main difficulty does not lie here. There is an inherent impossibility of determining with any degree of accuracy what credit is justly due to a witness from merely reading the words spoken by him. However artful a corrupt witness may be, there is generally, under the pressure of a skillful cross-examination, something in his manner or bearing on the stand that betrays him, and thereby destroys the force of his testimony. Many of the real tests of truth by which the artful witness is exposed, in the very nature of things, can not be transcribed upon the record, and hence they can never be considered by this court. For this reason the rule is firmly established, that where, as in this case, there is an irreconcilable conflict in the testimony, this court will not reverse a judgment of the trial court, where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict."

The case before us for determination, as disclosed by this record, falls fully within the above quoted "firmly established rule."

The judgment of the Circuit Court is affirmed.